JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ALEXANDER COLE

### DEFENDANTS
THOMAS M. NIEDBALA, M.D.

(b) County of Residence of First Listed Plaintiff: **Maricopa County, AZ**

County of Residence of First Listed Defendant: **Camden County, NJ**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

David J. Caputo, Esquire/Kline & Specter
457 Haddonfield Road, Suite 540
Cherry Hill, NJ 08002
(856) 662-1180  david.caputo@klinespecter.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332 Diversity of Citizenship

Brief description of cause:
Medical Malpractice/Delay in diagnosis of a pituitary adenoma

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____   DOCKET NUMBER _____

Explanation: N/A

DATE: 08/16/2011

SIGNATURE OF ATTORNEY OF RECORD: /s/

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY, CAMDEN VICINAGE

| | |
|---|---|
| ALEXANDER COLE<br>16255 East Ridgeline Drive<br>Fountain Hills, Arizona 85268<br><br>       Plaintiff,<br><br>    v.<br><br>THOMAS M. NIEDBALA, M.D.<br>c/o South Jersey Radiology Associates, P.A.<br>100 Carnie Boulevard<br>Voorhees, New Jersey 08043<br><br>    and<br><br>SOUTH JERSEY RADIOLOGY<br> ASSOCIATES, P.A.<br>100 Carnie Boulevard<br>Voorhees, New Jersey 08043<br><br>    and<br><br>JOHN W. MCGRATH, D.O.<br>c/o Vernose & McGrath Otolaryngology<br> Associates, P.C.<br>73 North Maple Avenue, Suite D<br>Marlton, New Jersey 08053<br><br>    and<br><br>VERNOSE & MCGRATH<br> OTOLARYNGOLOGY ASSOCIATES, P.C.<br>73 North Maple Avenue, Suite D<br>Marlton, New Jersey 08053<br><br>       Defendants. | CIVIL ACTION<br><br>NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

## PARTIES

1. Plaintiff Alexander Cole is a citizen of the State of Arizona, residing therein at 16255 East Ridgeline Drive, Fountain Hills, Arizona, 85268.

2. Defendant, Thomas M. Niedbala, M.D. ["Dr. Niedbala"], was, at all times relevant hereto, a physician practicing in the medical specialty of radiology and duly licensed to practice medicine in the State of New Jersey. At all times relevant hereto, Dr. Niedbala maintained an office, medical practice and place of business at 100 Carnie Boulevard, Voorhees, New Jersey 08043.

3. Defendant South Jersey Radiology Associates, P.A. is a corporation or other jural entity organized and/or existing by virtue of the laws of the State of New Jersey and, at all times relevant hereto, regularly conducted business at 100 Carnie Boulevard, Voorhees, New Jersey 08043.

4. At all times relevant hereto, Dr. Niedbala was the agent, servant, and/or employee of South Jersey Radiology Associates, P.A., and was acting within the scope of his agency, master-servant, and/or employment relationship with South Jersey Radiology Associates, P.A. while providing medical care and treatment to Alexander Cole. Accordingly, South Jersey Radiology Associates, P.A. is liable for the negligent acts and/or omissions of Dr. Niedbala under theories of agency, master-servant, respondeat superior, and/or right of control.

5. At all times relevant hereto, the agents, servants and/or employees of defendant South Jersey Radiology Associates, P.A., including defendant Dr. Niedbala, were acting in the course and scope of their agency, authority and/or employment and were acting for the benefit of defendant South Jersey Radiology Associates, P.A.

6. Defendant, John W. McGrath, D.O. ["Dr. McGrath"], was, at all times relevant hereto, a physician practicing in the medical specialty of otolaryngology and duly licensed to practice medicine in the State of New Jersey. At all times relevant hereto, Dr. McGrath maintained an office, medical practice and place of business at 73 North Maple Avenue, Suite D, Marlton, New Jersey 08053.

7. Defendant Vernose & McGrath, P.C. is a corporation or other jural entity organized and/or existing by virtue of the laws of the State of New Jersey and, at all times relevant hereto, regularly conducted business at 73 North Maple Avenue, Suite D, Marlton, New Jersey 08053.

8. At all times relevant hereto, Dr. McGrath was the agent, servant, and/or employee of Vernose & McGrath, P.C., and was acting within the scope of his agency, master-servant, and/or employment relationship with Vernose & McGrath, P.C. while providing medical care and treatment to Alexander Cole. Accordingly, Vernose & McGrath, P.C. is liable for the negligent acts and/or omissions of Dr. McGrath under theories of agency, master-servant, respondeat superior, and/or right of control.

9. At all times relevant hereto, the agents, servants and/or employees of defendant Vernose & McGrath, P.C., including defendant Dr. McGrath, were acting in the course and scope of their agency, authority and/or employment and were acting for the benefit of defendant Vernose & McGrath, P.C.

## JURISDICTION AND VENUE

10. Federal jurisdiction is predicated upon diversity of citizenship under statutory authority of 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

11. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(a) because the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

12. On or about July 30, 2008, Mr. Cole presented to Dr. McGrath complaining of migraine headaches in the right front region for six months.

13. Mr. Cole reported that the headaches consisted of throbbing pain and lasted 30 to 45 minutes, and he also complained of photophobia, phonophobia and chronic sinus problems.

14. Dr. McGrath formed a general impression of migraine headaches and ordered CT scans of the head and sinuses to rule out chronic sinusitis.

15. On or about August 7, 2008, Mr. Cole underwent CT scans without contrast of the brain and paranasal sinuses at South Jersey Radiology Associates, P.A.

16. Dr. Niedbala reviewed both studies and interpreted and reported them as normal.

17. Dr. Niedbala negligently failed to observe, diagnose, document or report a mass within the sella and right cavernous sinus, which was visible on both the CT scans of the head and sinuses.

18. Dr. McGrath received Dr. Niedbala's reports of the CT scans of the head and sinuses and communicated the results to Mr. Cole.

19. Dr. McGrath told Mr. Cole that a deviated septum may be the cause of his headaches but that the possibility was unlikely and did not warrant follow-up or treatment.

20. After communicating the CT scan results to Mr. Cole, Dr. McGrath ordered no further follow-up or further evaluation, including any referral to a neurologist or other specialist.

21. Thereafter, Mr. Cole relocated to Arizona, where his headaches gradually worsened over time and he began to experience reduced peripheral vision in his left eye.

22. On June 25, 2010, Mr. Cole presented to a neurologist for treatment of his headaches and vision problems. The neurologist ordered an MRI of the Brain and Orbits with Gadolinium, which was performed that day and revealed a suprasellar/intrasellar mass measuring 4.8 cm in transverse diameter by 3.3 cm in AP diameter by 4.8 cm in craniocaudad dimensions.

23. The mass found on the MRI of June 25, 2010, was the same mass that was visible on the CT scans of August 7, 2008.

24. The mass was determined to be a pituitary adenoma.

25. The failure to diagnose Mr. Cole's pituitary adenoma in August 2008 allowed the tumor to grow dramatically and, among other things, compress the right optic nerve and involve the hypothalamus gland.

26. The pituitary adenoma was initially treated medically but it was ultimately determined that surgery was necessary

27. On or about November 17, 2010, Mr. Cole underwent a right supraorbital craniotomy for debulking of the pituitary adenoma at Cedars-Sinai Medical Center in Los Angeles, California.

28. The surgeon was unable to remove as much as 50% of the tumor and Mr. Cole lost vision in his right eye as a complication of the surgery.

29. Mr. Cole's vision loss is permanent, and he continues to experience severe headaches resulting from, and receive treatment for, the residual pituitary adenoma.

30. Mr. Cole's hypothalamus gland was injured in the surgery and, as a result, he has developed diabetes insipidus.

31. As a direct and proximate result of the negligence of all defendants, jointly and severally, as described more fully below, Alexander Cole has suffered:

a. Delay in diagnosis of his pituitary adenoma, resulting in its growth and progression to a point at which the tumor could neither be treated medically nor completely removed surgically;

b. Blindness in the right eye;

c. Reduced vision in the left eye;

d. Diabetes insipidus;

e. Headaches;

f. Past and future physical pain and suffering;

g. Past and future mental pain and suffering;

h. Past and future lost of life's pleasures;

i. Past and future humiliation;

j. Past and future embarrassment and disfigurement;

k. Past and future medical expenses;

l. Past and future lost earnings and lost earning capacity; and

m. Other injuries as described more fully in Alexander Cole's medical records.

32. The injuries sustained by Mr. Cole were caused solely and completely by reason of defendants' negligent conduct, as set forth more fully below, and were not caused by or contributed thereto by any negligence on the part of Mr. Cole.

### COUNT I – NEGLIGENCE
### Plaintiff Alexander Cole v. Defendants Thomas M. Niedbala, M.D. and South Jersey Radiology Associates, P.A.

33. The paragraphs and allegations stated above are incorporated by reference as if set

forth in full herein.

34.     The negligence of defendant Dr. Niedbala in his medical management, care, and treatment of Alexander Cole consisted of one or more of the following:

    a.     Negligent interpretation of the CT scans of the brain and paranasal sinsuses of August 7, 2008;

    b.     Deviation from the standard of care in the interpretation of the CT scans of the brain and paranasal sinsuses of August 7, 2008;

    c.     Failure to correctly interpret CT Scan of the brain of August 7, 2008;

    d.     Failure to correctly interpret CT Scan of the paranasal sinuses of August 7, 2008;

    e.     Failure to diagnose a mass on either the CT Scan of the brain or the CT Scan of the paranasal sinsuses;

    f.     Failure to document and report a mass on either the CT Scan of the brain or the CT Scan of the paranasal sinsuses;

    g.     Failure to recommend additional imaging studies, including studies with contrast, of the brain and/or paranasal sinsuses;

    h.     Failure to review and interpret the entirety of the August 7, 2008 studies available for review;

    i.     Negligently failing to communicate the actual findings of the August 7, 2008 studies to defendant Dr. McGrath;

    j.     Otherwise deviating from the standard of care as revealed in fact and expert discovery in this case.

35.     Defendant South Jersey Radiology Associates, P.A. is derivatively and

vicariously liable for the negligent conduct of defendant Dr. Niedbala.

WHEREFORE, plaintiff demands judgment against defendants Thomas N. Niedbala, M.D. and derivatively and vicariously, South Jersey Radiology Associates, P.A., and compensatory damages in an amount in excess of $75,000, exclusive of interest, costs and damages for prejudgment delay.

## COUNT II – NEGLIGENCE
### Plaintiff Alexander Cole v. Defendants John W. McGrath, D.O. and South Jersey Radiology Associates, P.A.

36. The paragraphs and allegations stated above are incorporated by reference as if set forth in full herein.

37. The negligence of defendant Dr. Niedbala in his medical management, care, and treatment of Alexander Cole consisted of one or more of the following:

    a. Deviation from the standard of care in his care and treatment of Alexander Cole;

    b. Failure to form an adequate differential diagnosis;

    c. Failure to recommend additional evaluation of Mr. Cole's complaints after the CT scans of head and paranasal sinuses were reported to be normal;

    d. Failure to refer additional imaging studies, including imaging studies with contrast, after the CT scans of head and paranasal sinuses were reported to be normal;

    e. Failure to refer to Mr. Cole for evaluation by neurologist or another specialist;

    f. Failure to order or recommend appropriate follow-up or treatment of Mr. Cole's condition;

  g. Failure to appropriately evaluate or treat Mr. Cole's condition;

  h. Failure to appropriately communicate with Mr. Cole about his condition, differential diagnosis, and/or appropriate follow-up or treatment;

  i. Otherwise deviating from the standard of care as revealed in fact and expert discovery in this case.

WHEREFORE, plaintiff demands judgment against defendants John W. McGrath, D.O. and derivatively and vicariously, Vernose & McGrath, P.C., and compensatory damages in an amount in excess of $75,000, exclusive of interest, costs and damages for prejudgment delay.

              Respectfully submitted,

              **KLINE & SPECTER**

       By: _____
          DAVID J. CAPUTO, ESQUIRE
          Attorney for Plaintiff
          Liberty View - Suite 540
          457 Haddonfield Road,
          Cherry Hill, New Jersey 08002
          (856) 662-1180
          david.caputo@klinespecter.com

Date: August 16, 2011