[Doc. No. 36]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALEXANDER COLE,<br><br>        Plaintiff,<br><br>    v.<br><br>THOMAS M. NIEDBALA, et al.,<br><br>        Defendants. | Civil No. 11-4707-RMB-KMW |

**<u>ORDER</u>**

        THIS MATTER comes before the Court by way of Plaintiff's motion for a reasonable attorney's fee on net settlement above two million dollars pursuant to N.J. Rule 1:21-7(c)(5) and 1:21-7(f). Defendants do not opposed Plaintiff's motion.  The Court considered the submissions of Plaintiff and held oral argument on August 15, 2013.  For the reasons that follow, and for the reasons stated on the record at oral argument on August 15, 2013, Plaintiff's motion will be granted.

        Pursuant to N.J. Rule 1:21-7(c)(5) and 1:21-7(f), an attorney must apply for a reasonable fee on settlement amounts in excess of two million dollars ($2,000,000).  Plaintiff requests a one-third fee on the net amount of the settlement above two million dollars.

Pursuant to Plaintiff's contingent fee agreement with Plaintiff's counsel, Plaintiff's counsel fees shall be calculated after reimbursement of expenses as follows:

  a.  33.3% of the first $500,000;

  b.  30% of the next $500,000;

  c.  25% of the next $500,000;

  d.  20% of the next $500,000; and

  e.  On all amounts recovered in excess of $2,000,000 by application for reasonable fee in accordance with the provisions of R. 1:21-7(f) of the New Jersey Court Rules.

Plaintiff's contingency fee agreement with Plaintiff's counsel complies with the limitations outlined by N.J. Rule 1:21-7(c)(5). Pursuant to the New Jersey Rule, the Court should conduct a hearing to determine "a reasonable fee in light of all the circumstances." N.J. R. 1:21-7(f).

Courts have routinely granted more than twenty percent, the percentage permitted on the fourth $500,000 by the New Jersey Court Rule, to attorneys for the settlement amount over two million dollars. In this case, Plaintiff's counsel is not seeking an enhanced percentage on the first two million dollars, but simply a reasonable fee (33.3%) on the amount of the settlement in excess of two million dollars.

"[O]n an application for a reasonable fee on the amount of recovery in excess of $2,000,000, no burden of proof is placed on the moving attorney to show the inadequacy of the fee recovered on the

first $2,000,000." *Estate of F.W. v. State of N.J.*, 398 N.J. Super. 344, 357 (App. Div. 2008). "In considering a fee application under [Rule 1:21-7(c)(5)] with respect to an award in excess of $2,000,000, the judge should rely on the factors listed in RPC 1.5 in setting a reasonable fee." *Id.* New Jersey Rule of Professional Conduct 1.5(a) provides guidance as to what factors should be examined to evaluate the reasonableness of a fee:

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

3. The fee customarily charged in the locality for similar legal services;

4. The amount involved and the results obtained;

5. The time limitations imposed by the client or by the circumstances;

6. The nature and length of the professional relationship with the client;

7. The experience, reputation, and ability of the lawyer or lawyers performing the services;

8. Whether the fee is fixed or contingent.

The court must consider all of the above-listed factors "in light of all the circumstances, which may include the amount the law firm received on the first $2,000,000 of the recovery." *Id.* at 360. "[T]wo especially important factors courts consider in determining a reasonable fee are whether the case presented problems which required exceptional skills beyond that normally encountered in such

cases or the case was unusually time consuming." *King v. Cty. of Gloucester*, 483 F. Supp. 2d 396, 399 (D.N.J. 2007).

Courts have granted counsel a fee approximately in the amount of 33.3% (one-third) of the settlement amount over $2,000,000. *See, e.g., McMahon v. Turner Corp.*, No. 05-4839, 2007 WL 2688557 (D.N.J. Sept. 7, 2007) (awarding plaintiff's counsel 31.3% of net settlement proceeds, including amount under $2,000,000 in excess of New Jersey Court Rules after considering the circumstances and the factors listed above); *King*, 483 F. Supp. 2d 396 (approving 33.3% fee on amount of settlement above $2 million).

Plaintiff's counsel argues that he should be granted 33.3% of the settlement amount above $2,000,000 in particular due to two important factors: the issues presented in the case that required exceptional skill and the unusually time-consuming nature of the case. First, Plaintiff's counsel submits that this case presented two specific issues that required exceptional skill – (1) causation and (2) liability against Defendant McGrath. As to causation, Plaintiff's counsel submits that plaintiff's tumor was large and aggressive by August 2008 when it should have been discovered. Defendants mounted a vigorous defense with ten expert reports that Plaintiff's outcome would have been the same even if properly diagnosed. Plaintiff's counsel exhibited exceptional skill in navigating this defense as to causation and nonetheless obtaining a significant settlement for his client. Second, as to the liability case against Defendant McGrath, Plaintiff's counsel submits that this

part of the case was particularly difficult since Defendant McGrath ordered an appropriate imaging study which was misread by Dr. Niedbala. However, Plaintiff's counsel was able, through discovery of a discrepancy in the chart kept by Defendant McGrath which was the product of exceptional diligence, skill and attention to detail, to create a credibility issue as to Defendant McGrath that Plaintiff submits contributed greatly to Defendant McGrath's participation in the resolution of this matter.

Further, Plaintiff's counsel submits that the case was unusually time consuming due to the extraordinary number of experts on both sides. Plaintiff had nine different experts in eight different fields of expertise. Plaintiff's treatment is extensive and continuing and his prognosis fluctuated with each new blood test or imaging study. Plaintiff's counsel advanced $66,950.75 in expert costs before depositions. Defendants had ten defense experts in nine different fields of expertise. Plaintiff's counsel submits that preparing to cross-examine each of them was quite time consuming.

Plaintiff's counsel further submits that the Court should also consider the result obtained for his client in this case. He argues that the settlement is very substantial and was obtained only after lengthy negotiations including two settlement conferences with the Court. Plaintiff's counsel further submits that the net recovery will provide financial security for Plaintiff's lifetime and ensure that he will have funds for medical treatment that is not covered by insurance. Further, Plaintiff's counsel indicates that the

requested fee will not interfere with the ability of the remaining settlement proceeds to ensure Plaintiff's anticipated medical care or other needs will be satisfied for the rest of his life.

Finally, the Court notes that Plaintiff, through his counsel, has been made aware of the applicable New Jersey Rule and has submitted an affidavit in support of Plaintiff's counsel's application. Plaintiff "fully consent[s] to the attorney's fee requested in this [motion]."

Consequently, it is on this **15th** day of **August, 2013** hereby

**ORDERED** that Plaintiff's counsel's Motion for a Reasonable Attorney's Fee on Net Settlement Amount Above Two Million Dollars Pursuant to N.J. Rule 1:21-7(c)(5) and 1:21-7(f) is hereby **GRANTED** and the law office of Kline & Specter is awarded a 33.33% fee on settlement proceeds in excess of $2,000,000 in the above-referenced matter.

s/ Karen M. Williams
KAREN M. WILLIAMS
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Renée Marie Bumb